IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MICHAEL A. LOVE**                                                                       **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:05cv2037KS-JMR**

**BILLY MCGEE**                                                       **DEFENDANTS**

## OPINION AND ORDER

On August 4, 2005, the plaintiff, an inmate of the Forrest County Jail, Hattiesburg, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On August 10, 2005, an order was entered directing the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) regarding the Prison Litigation Reform Act, if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The plaintiff was warned in this Order that his failure to timely comply with the requirements of the Order could result in the dismissal of this case. The envelope containing this Order was returned by the postal service with the notation "undeliverable." On September 16, 2005, the Order was re-mailed to the plaintiff, containing his prisoner number and the location "Forrest County Jail" along with his last known address. The envelope containing this Order was returned by the postal service with the notation "return to sender, not here."

On November 9, 2005, an Order was entered directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's August 10, 2005 Order and his failure to keep this Court informed of his current address. The plaintiff was

ordered to respond no later than November 28, 2005. The envelope containing this Order was also returned by the postal service as undeliverable, with the notation "not here." The plaintiff was warned that his failure to timely comply with the requirements of the Order would result in the dismissal of this case. The plaintiff has failed to comply with two Court Orders and it appears he has failed to keep this Court informed of his current address.

The plaintiff was warned in a notice of assignment from the Clerk and both of the above mentioned orders, that his failure to keep this Court advised of his current address could result in the dismissal of this action. These orders were mailed to the plaintiff's last known address and both were returned by the postal service as undeliverable.

Even though more than twenty days have elapsed since the deadline for compliance with the Court's Order of November 9, 2005, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide this office with a current address. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's Order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Opinion and Order will be entered.

This the 3rd day of January, 2006.

                              s/ *Keith Starrett*
                              UNITED STATES DISTRICT JUDGE